**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00426-PAB-CBS

1781808 ONTARIO LIMITED, a Canadian corporation;
1781807 ONTARIO LIMITED, a Canadian corporation;

    Plaintiffs,

v.

AMERICAN SERVICE FINANCE CORPORATION,
a Colorado corporation, d/b/a ASF INTERNATIONAL

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, the term "document" shall include, without limitation, any electronic or hard-copy emails, writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained. See Fed. R.

Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law or statutory privacy interests of any party to this litigation or of current or former employees, representatives, clients, members, business relations, or agents of Plaintiffs 1781808 ONTARIO LIMITED ("808") and 1781807 ONTARIO LIMITED ("807") or Defendant AMERICAN SERVICE FINANCE CORPORATION, d/b/a ASF INTERNATIONAL ("ASFC"), or any of the subsidiaries or affiliates, including but not limited to: personnel information of current and former employees; information concerning current or former clients; information concerning current or former members; information concerning private personal or corporate matters; financial information; information containing industry trade secrets; proprietary or non-public business information; information relating to investment, business and operational strategies, plans and corporate structure, economic and market analyses, marketing strategies, financial projections; and information treated or considered by the party claiming the information to be confidential, by policy or practice, to be confidential or proprietary. **CONFIDENTIAL information shall not be disclosed or used for any purpose except in the preparation and trial of this case (including any appeal) in accordance with this Protective Order.**

4. Information shall be designated as CONFIDENTIAL by counsel for the designating party only after review of the information, who will certify that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it and the consent of the party claiming confidentiality or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for 807, 808, and ASFC;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for depositions, preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) witnesses who have been disclosed in this case and where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case; and

(h) any representatives of the parties' insurance carriers, including but not limited to claims adjusters, consultants, and third party adjusters;

(i) other deponents and witnesses at trial or hearings in this matter, not covered in paragraph 5(c) or 5(d) above; and

3

    (j) other persons by written agreement of all the parties.

 6. Prior to disclosing any CONFIDENTIAL information to any person listed above in paragraph 4(g), 4(h), 4(i) and/or 4(j), counsel shall provide such person with a copy of this Protective Order and confirm that such person will read this Protective Order and agree to be bound by its provisions.

 7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

 8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

 9. Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation nor will it prevent any party from designating said documents or material "CONFIDENTIAL" at a later date.  However, any use by the receiving party made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long as

the receiving party takes all reasonable steps to retrieve materials it disseminated prior to the designation and to otherwise come into conformance with the new designation.

10. In the event that a non-party or another party produces documents that a party wishes in good faith to designate as CONFIDENTIAL, the party wishing to make that designation must do so within fifteen (15) business days of receipt, and identify the CONFIDENTIAL document(s) or CONFIDENTIAL information by bates label or, where not bates labeled by document title and page number(s). The non-designating parties shall thereafter mark the document or information in the manner requested by the designating party and thereafter treat the document or information in accordance with such marking. However, any use by the non-designating parties made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long at the non-designating party notifies the designating party of the prior disclosure and otherwise comes into conformance with the new designation.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within five (5) business days after the conclusion of that 10-business day window requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Once such a motion is filed, the disputed information shall be

treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. At the conclusion of this case, and any appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to return CONFIDENTIAL documents, the returning party shall provide all parties a written certification of counsel confirming that all CONFIDENTIAL documents have been returned.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with a written certification of counsel confirming the destruction of all CONFIDENTIAL documents. This provision shall not preclude the parties from maintaining for their records a secured electronic copy of any document that is designated as CONFIDENTIAL in this case.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 6th day of October, 2011.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 4th day of October, 2011.

| ATTORNEY FOR PLAINTIFFS 1781808 ONTARIO LIMITED and 1781807 ONTARIO LIMITED | ATTORNEYS FOR DEFENDANT AMERICAN SERVICE FINANCE CORPORATION |
|---|---|
| s/ Eugene P. Kim, Esq. | s/ Michael J. Decker, Esq. |
| Michael E. Lindsay, Esq. | Michael J. Decker, Esq. |
| Eugene P. Kim, Esq. | Eric M. Kirby, Esq. |
| Snell & Wilmer, LLP | Murphy Decker Hensen & Cook-Olson, P.C. |
| 1200 Seventeenth Street, Suite 1900 | 1510 West Canal Court, Suite 1500 |
| Denver, CO 80202 | Littleton, CO 80120 |
| Phone: (303) 634-2000 | Phone: (303) 468-5980 |
| Fax: (303) 634-2020 | Fax: (303) 468-5981 |